UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHATTAHOOCHEE RIVERKEEPER, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY INDUSTRIAL PARK OF BUFORD, LLC, <br><br> Defendant. | Case No. 1:17-CV-03669-ELR |

### ANSWER TO PLAINTIFF'S COMPLAINT
### BY DEFENDANT LIBERTY INDUSTRIAL PARK OF BUFORD, LLC

Liberty Industrial Park of Buford, LLC, ("Liberty" or "Defendant") hereby files this Answer to the Complaint of the Chattahoochee Riverkeeper, Inc. ("CRK" or "Plaintiff"), and shows the Court as follows:

### ANSWER

1. Liberty admits that the CRK commenced an action against it. Liberty otherwise lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 1 of the Complaint, and therefore denies them.

2. Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 2, and therefore denies them.

3. Liberty admits that Plaintiff sent a letter to it dated July 18, 2017. Liberty further responds that this letter speaks for itself, and Liberty otherwise lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 3, and therefore denies them.

4. Liberty admits that sixty days have passed since the date of the letter, but otherwise denies the allegations in paragraph 4.

5. Liberty admits that venue is proper in this court, but otherwise denies the allegations in paragraph 5.

6. Liberty denies the allegations in paragraph 6.

7. Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 7, and therefore denies them.

8. Liberty admits the allegations in paragraph 8.

9. Liberty admits that it began developing the 54.83-acre property for an industrial/business warehouse park, and that a portion of the property had been used previously as a "borrow site," but otherwise denies the allegations in paragraph 9.

10. Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 10, and therefore denies them.

11. Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 11, and therefore denies them.

12. Liberty denies the allegations in paragraph 12.

13. Liberty denies the allegations in paragraph 13.

14. Liberty admits that 33 U.S.C. §1251(a) contains the statement alleged, but further responds that to the extent the allegations in paragraph 14 constitute legal conclusions, no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 14, and therefore denies them.

15. The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 15, and therefore denies them.

16. The allegations in paragraph 16 are legal conclusions to which no response is required. To the extent a response is necessary, Liberty lacks knowledge

or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 16, and therefore denies them.

17. Liberty admits that it is the owner and developer of the Liberty Industrial Park Site, but otherwise denies the allegations in paragraph 17.

18. Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 18, and therefore denies them.

19. The allegations in paragraph 19 are legal conclusions to which no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 19, and therefore denies them.

20. The allegations in paragraph 20 are legal conclusions to which no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 20, and therefore denies them.

21. Liberty admits that 33 U.S.C. §1362(12) contains the statement alleged, but further responds that to the extent the allegations in paragraph 21 constitute legal conclusions, no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief

about the truth or falsity of the remaining allegations of paragraph 21, and therefore denies them.

22. Liberty responds that to the extent the allegations in paragraph 22 constitute legal conclusions, no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 22, and therefore denies them.

23. Liberty responds that to the extent the allegations in paragraph 23 constitute legal conclusions, no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 23, and therefore denies them.

24. Liberty responds that to the extent the allegations in paragraph 24 constitute legal conclusions, no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 24, and therefore denies them.

25. Liberty repeats its denials of Plaintiff's allegations, where applicable.

26. Liberty denies the allegations of paragraph 26.

27. Liberty admits that "[i]n February 2014, a notice of intent ('NOI') was filed by 'Buford Borrow Site, LLC' seeking coverage under the General Permit to discharge storm water from land-disturbing activities." Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 27, and therefore denies them.

28. The allegations in paragraph 28 are legal conclusions to which no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 28, and therefore denies them.

29. The allegations in paragraph 29 are legal conclusions to which no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 29, and therefore denies them.

30. Liberty denies the allegations in paragraph 30.

31. Liberty denies the allegations in paragraph 31.

32. Liberty denies the allegations in paragraph 32.

33. Liberty denies the allegations in paragraph 33.

34. The allegations in paragraph 34 are legal conclusions to which no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 34, and therefore denies them.

35. Liberty denies the allegations in paragraph 35.

36. Liberty admits that the referenced Part IV.D.6 describes certain turbidity sampling and monitoring requirements. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 36, and therefore denies them.

37. The allegations in paragraph 37 are legal conclusions to which no response is required. To the extent a response is necessary, Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 37, and therefore denies them.

38. Liberty admits that the referenced Part IV.E requires certain persons to submit certain reports to the EPD. Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 38, and therefore denies them.

39. Liberty denies the allegations of paragraph 39.

40. Liberty admits that the referenced Part IV.D.4 requires site inspections by certain persons in certain circumstances. Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 40, and therefore denies them.

41. Liberty denies the allegations of paragraph 41.

42. Liberty denies the allegations of paragraph 42.

43. Liberty admits that the referenced Part V.A.2 requires certain persons to document and report violations to the EPD. Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of paragraph 43, and therefore denies them.

44. Liberty denies the allegations of paragraph 44.

45. Liberty denies the allegations of paragraph 45.

46. Liberty denies the allegations of paragraph 46.

47. Liberty lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 47, and therefore denies them.

## GENERAL DENIAL

Liberty denies that Plaintiff is entitled to any of the relief sought in their

Complaint. Except to the extent admitted or otherwise specifically responded to herein, Liberty denies each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they are caused by an act of God or the acts or omissions of a third party and not Defendant.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the acts, omissions, or both acts and omissions of persons other than Defendant, over whom Defendant had no control, were intervening or superseding causes of the injuries, costs, and damages allegedly incurred by Plaintiff.

### FOURTH DEFENSE

Plaintiff's claims under the Clean Water Act 33 U.S.C. § 1251, *et seq*. (the "CWA") are barred, in whole or in part, to the extent such claims seek relief for violations of any permit, standard, regulation, condition, requirement, prohibition

or order that are wholly past or occurred prior to the filing of this civil action.

## FIFTH DEFENSE

The Court lacks jurisdiction over the subject matter of Plaintiff's claims under the CWA to the extent that Plaintiff failed to provide proper notice pursuant to 33 U.S.C. § 1365(b) and the regulations promulgated thereunder.

## SIXTH DEFENSE

Plaintiff's CWA claims are barred by the diligent prosecution bar of the CWA. 33 U.S.C. § 1310(g).

## SEVENTH DEFENSE

Plaintiff's CWA claims are barred, in whole or in part, and this Court lacks subject matter jurisdiction, to the extent Plaintiff alleges violations of local regulations that cannot form the basis for a CWA claim.

## EIGHTH DEFENSE

Plaintiff's CWA claims are barred, in whole or in part, because there is no point source of any pollutant.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they allege discharges or pollutants in areas that do not constitute waters subject to the

jurisdiction of the CWA, and for which there is no significant nexus to waters that are or were navigable in fact or could reasonably be so made.

## TENTH DEFENSE

Plaintiff lacks standing to maintain its claims.

## ELEVENTH DEFENSE

Plaintiff is precluded, in whole or in part, from the recovery of attorneys' fees based upon statutory and common law.

## TWELFTH DEFENSE

Defendant asserts any and all other applicable affirmative defenses pursuant to the CWA.

## THIRTEENTH DEFENSE

To the extent Plaintiff seeks special damages under Georgia law, it has failed to plead such damages with the specificity required by O.C.G.A. § 9-11-9.

## FOURTEENTH DEFENSE

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff has adequate remedies at law.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiff's claims.

Respectfully submitted this 16th day of October, 2017.

>*/s/ Leah J. Knowlton*
>Leah J. Knowlton
>  Georgia Bar No. 426755
>  lknowlton@taylorenglish.com
>Harry D. Dixon III
>  Georgia Bar No. 512481
>  hdixon@taylorenglish.com
>**Taylor English Duma LLP**
>1600 Parkwood Circle, Suite 200
>Atlanta, Georgia  30339
>(770) 434-6868
>
>*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, counsel certifies that the foregoing brief was prepared in Times New Roman, 14 point font, in compliance with Local Rule 5.1C.

/s/ Leah J. Knowlton

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2017, I electronically filed the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT BY DEFENDANT LIBERTY INDUSTRIAL PARK OF BUFORD, LLC** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to counsel of record.

/s/ Leah J. Knowlton